IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

BARBRA E. HUDSON                                                             PLAINTIFF

V.                                                      CIVIL ACTION NO. 1:18-CV-206-JCG

COMMISSIONER OF SOCIAL SECURITY                                    DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Pursuant to 42 U.S.C. § 405(g), the claimant Barbra E. Hudson seeks judicial review of the decision of the Commissioner of the Social Security Administration denying her claim for Social Security Disability Benefits. The Commissioner found that Hudson was not disabled, as defined by the Social Security Act, despite her severe impairment of lumbar degenerative disc disease. The Administrative Law Judge (ALJ) determined that Hudson could return to her previous work. Having considered the submissions of the parties and applicable law, the Court concludes that the Defendant's Motion for an Order Affirming the Commissioner's Decision (ECF No. 16) should be denied and the case remanded.

**I. Background**

A. Procedural Background

Hudson was 59 years old at the time of the hearing before the ALJ, and she has a GED. She filed a Title II application for a period of disability and disability insurance benefits (DIB) on August 28, 2014, with an alleged onset date of April 23, 2013. Hudson's last date insured for purposes of the Title II application was December 31, 2015. ECF No. 7 at 18. Hudson's claim was initially denied on

1

October 31, 2014, and upon reconsideration on November 25, 2014. *Id.* at 78-92. Hudson filed her request for a hearing before an ALJ on December 29, 2014. The ALJ heard Hudson's case on February 6, 2017. The ALJ heard testimony from Hudson as well as from a vocational expert (VE). The ALJ issued a decision unfavorable to Hudson on February 14, 2017. *Id.* at 18-25.

  B. <u>The ALJ's Findings</u>

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process. *See* 20 C.F.R § 404.1520. The burden of proving disability rests upon the claimant throughout the first four steps of this process, and if the claimant is successful in sustaining her burden at each of the first four steps, the burden shifts to the Commissioner at step five. *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). First, the claimant must prove she is not currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). Second, the claimant must prove her impairment is "severe" in that it "significantly limits [her] physical or mental ability to do basic work activities . . . ." 20 C.F.R. § 404.1520(c). At step three, the ALJ must conclude the claimant is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed in Appendix 1 of Subpart P to 20 C.F.R. pt. 404. 20 C.F.R. § 404.1520(d). Accordingly, if a claimant's impairment meets the requisite criteria, that claimant's impairments are of such severity that they would prevent any person from performing substantial gainful activity. 20 C.F.R. § 404.1525.

Fourth, the claimant bears the burden of proving she is incapable of meeting the physical and/or mental demands of her past relevant work. 20 C.F.R. § 404.1520(e). If the claimant is successful at all four of the preceding steps, the burden shifts to the Commissioner at step five to prove, considering the claimant's residual functional capacity (RFC), age, education, and past work experience, that she is capable of performing other work. 20 C.F.R. § 404.1520(g)(1). If the Commissioner proves other work that the claimant can perform exists (in significant numbers in the national economy), the claimant is given the chance to prove that she cannot, in fact, perform that work. *Muse*, 925 F.2d at 789.

In the instant case, the ALJ found at step one that Hudson had not engaged in substantial gainful activity since April 23, 2013, the alleged onset date. ECF No. 7 at 21. At step two, the ALJ found that Hudson had a severe impairment of lumbar degenerative disc disease. *Id.* At step three, the ALJ determine that Hudson did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *Id.* Next, the ALJ determined that Hudson retained the RFC to perform the full range of light work. *Id.* At step four, the ALJ concluded that Hudson could return to her past relevant work as a waitress. *Id.* at 24.

Hudson requested review of the ALJ's decision by the Appeals Council on April 17, 2017. The Appeals Council denied Hudson's request for review on April 21, 2018, thereby rendering the ALJ's decision the final decision of the Commissioner.

*Id.* at 5-9. Having exhausted her administrative remedies, Hudson commenced the present action by Complaint filed on June 14, 2018. ECF No. 1.

## II. Standard of Review

Review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the Commissioner's findings and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)).

The Fifth Circuit has further held that substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The Court may not reweigh the evidence, try the case *de novo*, or substitute its own judgment for that of the Commissioner, even if it finds that the evidence "preponderates" against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d

4

431, 434 (5th Cir. 1994) (quoting *Harrell*, 862 F.2d at 475).

## III. Discussion

Hudson alleges two assignments of error: (1) The ALJ's determination that she has the RFC to perform light work and is capable of returning to her past relevant work is not supported by substantial evidence; and (2) the Appeals Council's failure to consider newly submitted evidence was in error. Because the Court finds that remand is warranted to determine whether Hudson has the RFC to perform the full range of light work, the Court will not consider the Appeals Council's failure to consider new evidence.

Hudson's first assignment of error is concerned with the Functional Capacity Evaluation (FCE) performed by Physical Therapist Steven Mistretta and Exercise Physiologist David Dimmick on May 28, 2014. ECF No. 7 at 658-62. The FCE demonstrated that Hudson could frequently (2.67-5.33 hours) lift up to 10 pounds and could occasionally (0-2.66 hours) lift up to 20 pounds; had a demonstrated tolerance of frequent (intermittently) for sitting, standing, and walking; a demonstrated tolerance of frequent or unrestricted for various reaching and grasping movements; an upper extremity use within normal limits; and no listed assistive devices, among various other findings. *Id*.

Hudson contends that the FCE does not support an RFC for light work, as it revealed she could only occasionally lift 15 pounds from shoulder to overhead and could not frequently lift any weight overhead. Further, because the FCE describes frequent as between 2.67 and 5.33 hours of an eight hour day, the determination

that she could only frequently sit, stand, or walk is inconsistent with light work, which requires six hours of standing or walking. Therefore, the ALJ could not have relied on the FCE in finding Hudson capable of light work.

Additionally, Hudson takes issue with the ALJ's statement that "[h]er physician, Dr. James West, M.D., indicates in a statement dated June 4, 2014, that he agrees that the claimant can perform light work . . . ." *Id.* at 22. Hudson argues that West released her to return to work within the guidelines of the FCE, and because the FCE did not meet the criteria for light work, the ALJ's characterization is in error. ECF No. 13. West's statement indicated that Hudson could "[r]eturn to work light duty within the guidelines of the FCE." ECF No. 7 at 664. Next, Hudson argues that the ALJ also should not have relied on the disability determinations of William Hand and Madena Gibson, as these determinations found she was capable of light work and stated that the light work conclusion was supported by the FCE. Finally, because the FCE could not provide substantial evidence for the RFC determination, nor could the flawed opinions of Hand and Gibson or the incorrect interpretation of West's opinion, the ALJ's determination that Hudson could return to her past relevant work as a waitress is not supported by substantial evidence.

The regulations provide that:

> [l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. . . . a job is in this category when it requires a good deal of walking or standing . . . . To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

6

20 C.F.R. § 404.1567(b). SSR 83-10 further provides that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." In this case, the FCE limited Hudson to a maximum of 5.33 hours of standing and walking. ECF No. 7 at 659. West adopted that limitation. *Id.* at 664. Hand and Gibson found that a maximum of 5.33 hours of standing or walking was consistent with a full range of light work. *Id.* at 82 & 89.

Although the regulations provide that a person only has to be able to do "*substantially*" all of the activities to have a given RFC and light work only requires standing or walking for "*approximately* 6 hours," courts in this Circuit have found that an RFC limiting a Plaintiff to a maximum of five hours of standing and walking is an RFC for less than a full range of light work. *See Ceballos v. Colvin*, No. EP-13-CV-381-ATB, 2015 WL 474367, at *4 (W.D. Tex. Feb. 3, 2015). Given that the sources the ALJ relied on in determining that Hudson could perform the full range of light work tied their decisions to the FCE, there is not substantial evidence to support the determination that Hudson has the capacity to perform a full range of light work.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for an Order Affirming the Commissioner's Decision (ECF No. 16) is **DENIED** and the case is **REMANDED.**

**SO ORDERED AND ADJUDGED**, this the 8th day of July, 2019.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE